IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEONEL MARIN-TORRES,

        Defendant.

No. 3:14-cr-00038-HZ-1

OPINION & ORDER

Gregory R. Nyhus
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

        Attorneys for Plaintiff

Leonel Marin-Torres
36048-086
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837

1 – OPINION & ORDER

Pro se Defendant

HERNÁNDEZ, District Judge:

Defendant moved for a one-year extension of time to file a motion under 28 U.S.C. § 2255 for relief from his judgment of conviction.

**BACKGROUND**

A jury found Defendant guilty of assault with a dangerous weapon with intent to do bodily harm and possession of contraband after a six-day trial that ended on October 27, 2014. Jury Verdict, ECF 133. Defendant chose to represent himself during the trial and had standby counsel available to assist him. The Court denied Defendant's motion for a new trial on December 30, 2014. *United States v. Marin-Torres*, No. 3:14-cr-00038-HZ, 2014 WL 7405653, at *3 (D. Or. Dec. 30, 2014). The Court sentenced Defendant to 96 months for the assault charge and 60 months for the possession of contraband charge. Judgment, ECF 168. The Court ordered that Defendant serve the two sentences concurrently with one another and consecutive to the sentence that Defendant was serving in Western District of Washington Case No. 09-cr-262-RSL-1 at that time. *Id*. The Court entered Defendant's judgment of conviction on February 24, 2015. *Id*.

Defendant appealed his conviction to the Ninth Circuit. Not. Appeal, ECF 171. The Court appointed Defendant an attorney, Robert Stone, to represent him in his appeal on May 8, 2015. Order Appt'g Counsel, ECF 177. Mr. Stone represented Defendant in his appeal to the Ninth Circuit until March 31, 2017, when Mr. Stone withdrew from representing him.[1] Order

---

[1] Mr. Stone also represented Defendant in his appeal of another case, No. 3:14-cr-000386-HZ. This Court appointed Mr. Stone in that case on May 10, 2016. *See* No. 3:14-cr-000386-HZ, ECF

Granting Mot. Withdraw, ECF 211. The Ninth Circuit affirmed Defendant's conviction and entered its judgment on November 28, 2016. Mandate, ECF 210. Defendant did not appeal the Ninth Circuit's judgment to the Supreme Court.

Defendant filed a motion for an extension of time to file a motion for relief from his judgment under 28 U.S.C. § 2255 on November 4, 2019. Def. Mot. Ext. Time, ECF 212. He has not yet filed a Section 2255 motion.

## STANDARDS

Section 2255 provides that a defendant may file a motion for relief from their judgment of conviction within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). A party who wishes to appeal a circuit court's decision must petition for certiorari within ninety days. Sup. Ct. R. 13. The ninety-day deadline begins to run from the "date of

---

109. Mr. Stone withdrew from representing Defendant in that case on December 11, 2017. *Id.*, ECF 124. As a result, Mr. Stone represented Defendant continuously from May 8, 2015, until December 11, 2017.

entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." *Id.*

## DISCUSSION

### I. Jurisdiction

The Constitution confers jurisdiction on the federal courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. The exercise of jurisdiction by a federal court is limited to "the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotations marks and brackets omitted).

The Ninth Circuit has not yet considered whether a district court has jurisdiction to decide a motion for extension of time to file a Section 2255 motion before a prisoner files a Section 2255 motion. Most circuits to consider the question have held that federal courts lack subject matter jurisdiction under Article III to hear motions for extension of time to file Section 2255 motions unless the defendant files a Section 2255 motion with the motion for extension of time. *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *United States v. Hernandez*, 431 Fed. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 Fed. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 Fed. App'x 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 Fed. App'x 686, 687 (6th Cir. 2003). Other district courts in the Ninth Circuit agree. *See*, *e.g.*, *Soto v. Warden*, No. CV 09-2377 AHM (JC), 2009 WL 1705471, at *1 (C.D. Cal. Jun. 16, 2009). Those circuits hold that to decide a motion for extension of time when no Section 2255 motion has been filed would amount to rendering an advisory opinion. *See*, *e.g.*, *Leon*, 203 F.3d at 164.

Only the Third Circuit has held that district courts have jurisdiction to hear motions for extension of time filed before a Section 2255 motion, reasoning that because Section 2255 motions are filed in a continuation of the underlying criminal case instead of a separate civil proceeding, the criminal case satisfies the Article III case or controversy requirement. *United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). But, as the Sixth Circuit pointed out, the Supreme Court has held that Section 2255 motions are separate actions. *United States v. Asakevich*, 810 F.3d 418, 422 (6th Cir. 2016) ("a motion under § 2255, like a petition for a writ of habeas corpus, . . . is not a proceeding in the original criminal prosecution but an independent civil suit") (internal quotation marks and brackets omitted) (citing *Heflin v. United States*, 358 U.S. 415, 418 n. 7 (1959)).

The Court is persuaded by the reasoning of the majority of other circuits and holds that, because Defendant has not filed a Section 2255 motion, the Court lacks subject matter jurisdiction unless the Court can construe his motion for an extension of time as a Section 2255 motion. *Cf. Calderon v. Ashmus*, 523 U.S. 740, 746-49 (1998) (federal courts lack jurisdiction under Article III to hear a prisoner's petition for declaratory relief to determine the time limits that would govern future habeas petitions).

Courts must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Pro se filings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. Applying that rule, some circuits have held that when a pro se prisoner files a motion for extension of time to file a Section 2255 motion that includes grounds for relief that can be construed as a Section 2255 motion, the district court has jurisdiction to determine whether the motion is timely and to decide it on the merits. *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001); *White*, 257 Fed. App'x at 609.

The Supreme Court has endorsed the circuit courts' authority to construe a pro se prisoner's filing as a first Section 2255 motion, but it requires courts to first give notice to the prisoner that it intends to do so and that subsequent motions filed under Section 2255 will be subject to the procedural requirements for filing second or successive motions. *Castro v. United States*, 540 U.S. 375, 383 (2003). Because construing the motion as a first Section 2255 motion will create procedural barriers to filing second or successive Section 2255 motions, district courts must give the pro se prisoner a chance to withdraw the motion or allow the pro se prisoner to amend the filing to conform to the requirements of Section 2255. *Id*. If the court does not provide that warning and opportunity to withdraw or amend, then the court cannot treat it as a first Section 2255 motion and require a subsequent Section 2255 motion to comply with the procedural requirements for filing a second or successive Section 2255 motion. *Id*.

    a. *Defendant's Motion for Extension of Time Contains Sufficient Factual Allegations for the Court to Construe It as a Section 2255 Motion*

Section 2255 permits a prisoner in custody to attack their sentence on the limited grounds that (1) it was imposed in violation of the Constitution, (2) the district court that imposed the sentence lacked jurisdiction, or (3) the sentence exceeded the maximum sentence authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To state a claim for relief under Section 2255, the prisoner must allege sufficient facts to set out a cognizable claim. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citing *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)). Defendant's motion makes conclusory allegations of corruption, discrimination, misconduct by the judge and prosecutor, exploitation, and an allegation that his conviction is the product of tyranny designed to generate profit for the private prison industry. Def. Mot. Ext. Time 2-3. He also alleges that the following facts establish a violation of his

Sixth Amendment rights: (1) he was denied access to his standby counsel and investigator before trial; (2) the Court violated his right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975), when the Court released his standby counsel three days before his trial concluded because his standby counsel was busy on other cases and Defendant still had access to an investigator; (3) the Court failed to advise Defendant, who primarily speaks Spanish, that his standby counsel was English and Spanish-speaking "to review discovery," which appears to be a claim that he was denied access to discovery because he was unaware that his standby counsel could interpret it for him; and (4) the Court, through a protective order, denied him permission to keep to hard copies in his cell of the statement of the alleged victim who cooperated with the Government. Def. Mot. Ext. Time. 3-6. Defendant also alleges prejudice resulting from the Court's refusal to appoint him two experts on prison gangs. *Id*. at 3.

"The [Section 2255] standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (internal citations omitted). Merely conclusory statements are not enough, but a moving party need not explain their evidence in detail, they need only make factual allegations. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980) (internal citations omitted). "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255." *Green*, 260 F.3d at 83. The Court finds that, at a minimum, Defendant's motion alleges sufficient facts to state a claim that the Court violated his Sixth Amendment rights when it released his standby counsel, and thus he has alleged sufficient facts to treat the

motion for extension of time as a substantive 2255 motion. As a result, the Court has jurisdiction to consider whether Defendant's Section 2255 motion is timely.

## II. Defendant's Section 2255 Motion is Time-Barred

The Ninth Circuit entered its judgment on November 28, 2016. Defendant had until ninety days later, February 27, 2017, to petition for certiorari in the Supreme Court. Sup. Ct. R. 13. He did not file a petition for certiorari, so his judgment of conviction became final on February 27, 2017. *Clay*, 537 U.S. at 527. Defendant had one year from that date to file a motion for relief from his judgment under 28 U.S.C. § 2255, which ended on February 27, 2018. *Id*. at 532. Plaintiff filed this motion for an extension of time to file a Section 2255 motion on November 4, 2019, more than one year and eight months after the statute of limitations. *Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016) (the one-year limitations period in Section 2255 is a statute of limitations that is tolled by filing a motion for relief under Section 2255).

If governmental action that violated the defendant's constitutional rights impeded the defendant from making a motion within the limitations period, the one-year statute of limitations begins to run from the date that the impediment created by the governmental action was removed. 28 U.S.C. § 2255(f)(2). Defendant's motion describes a scenario that could constitute a government-created impediment to filing a Section 2255 motion, but the government-created impediment he described occurred after the year within which he had to file a motion.

Defendant provided a letter from his brother, Hermes Marin Torres, to the Federal Bureau of Prisons dated August 9, 2018, that requested that the Bureau of Prisons transfer Defendant from United States Penitentiary ("USP") Pollock to another prison because an inmate had been attacked by members of a gang on April 14, 2018, and Defendant feared for his safety after a second incident occurred the next day. H. Marin Torres Ltr., ECF 212 at 19. In the letter,

Defendant's brother said that Defendant had spent a month in segregation in the Special Housing Unit where he lacked access to his legal papers.[2] *Id.* at 20. The Bureau of Prisons transferred Defendant from USP Pollock to USP Lewisburg sometime between August 9, 2018, and December 13, 2018. Letters from USP Lewisburg dated December 13, 2018, March 11, 2019, and May 28, 2019, advise that inmates at USP Lewisburg had experienced significant delays in gaining access to their property. ECF 212 at 13-15. However, Defendant provided no evidence of any government action that violated his constitutional rights and created an impediment to him bringing a motion under Section 2255 between February 27, 2017, and February 27, 2018.

### III. Equitable Tolling

Equitable tolling may provide an independent basis to find that Defendant's motion is timely. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (equitable tolling applies to Section 2255 motions). Under the doctrine of equitable tolling, the statute of limitations for filing a habeas petition may be tolled when "extraordinary circumstances beyond [the defendant's] control made it impossible to file a petition on time and the extraordinary circumstances were the cause of [the defendant's] untimeliness." *Id*. (quotation marks omitted). Here, because any "extraordinary circumstances" that could have prevented Defendant from bringing a timely Section 2255 motion occurred after the one-year limitations period, equitable tolling does not apply.

---

[2] Segregation and lockdowns do not create an unconstitutional impediment if they were "reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 361. Defendant has provided no evidence that his segregation was not reasonably related to legitimate penological interests, so the Court does not consider this one-month period to be an unconstitutional impediment to Defendant's ability to bring a motion under Section 2255 within the one-year limitations period. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (declining to exclude time that the defendant was in lockdown for disciplinary reasons from one-year limitations period).

## IV. Certificate of Appealability

A Certificate of Appealability will issue only if a prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the prisoner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). The prisoner need not make a showing that they will succeed but must prove something more than the absence of frivolity or the mere existence of good faith on their part. *Id*. at 338. When the district court denies a motion "on procedural grounds without reaching the merits of the underlying constitutional claims, [the Certificate of Appealability] determination has two components, 'one directed at the underlying constitutional claims and one directed at the district court's procedural holding.'" *Petrocelli v. Angelone*, 248 F.3d 877, 883 (9th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 482 (2000)). Both components must be established as a threshold requirement to granting a Certificate of Appealability. *Slack*, 529 U.S. at 485. The Supreme Court held that:

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id*. at 484. Here, because Defendant's motion was filed more than one year late and it is not even a close question that the tolling provision of 28 U.S.C. § 2255(f)(2) and the doctrine of equitable tolling do not apply, no reasonable jurist could conclude that this Court's denial of Defendant's Section 2255 motion as untimely is debatable or incorrect. Accordingly, the Court declines to issue a Certificate of Appealability.

///

## CONCLUSION

Defendant's motion for an extension of time to bring a motion under 28 U.S.C. § 2255 [212] to set aside his judgment of conviction is construed as a first Section 2255 motion. Defendant's motion is time-barred and is DENIED. The Court finds that a Certificate of Appealability is not warranted.

IT IS SO ORDERED.

DATED: __January 2, 2020__.

_/s/ Marco Hernández_
MARCO A. HERNÁNDEZ
United States District Judge